1
2
3
4
5
6
7
8                 UNITED STATES DISTRICT COURT
9               SOUTHERN DISTRICT OF CALIFORNIA

10   GLEN D. HAYDEN,                    )    Civil No. 06CV0923 JAH(NLS)
                                        )
11                     Plaintiff,       )    **ORDER GRANTING**
     v.                                 )    **DEFENDANT'S MOTION FOR**
12                                      )    **SUMMARY JUDGMENT**
     JOHN E. POTTER, Postmaster General,)    **[Doc. No. 30]**
13   United States Postal Service,      )
                                        )
14                     Defendant.       )
                                        )
15   _____)

16                      **INTRODUCTION**

17       Pending before the Court is Defendant's motion for summary judgment.  The motion

18   is fully briefed by the parties.  After a thorough review of the parties' submissions, and for the

19   reasons set forth below, this Court **GRANTS** Defendant's motion for summary judgment.

20                      **BACKGROUND**

21       Plaintiff, Glen D. Hayden, is a United States Postal Service ("USPS") automotive

22   technician or mechanic.  See Notification of Personal Action, Def's Exh. A at 4. (Doc. No. 30-

23   2).  He began working for the USPS as a mechanic on May 14, 1994.  Id.  Plaintiff primarily

24   worked at the Margaret Sellers Post Office ("MLS") during his time with the USPS.  Hayden

25   Depo. at 37, 38, 43, 45, Deft's Exh. B (Doc. No. 30-2).  Plaintiff received awards, recognitions

26   and outstanding supervisor evaluations during 1994, and 1995.  Id. at 47 - 48.

27       In 1998, Plaintiff filed a claim with the Equal Employment Opportunity ("EEO") which

28   resulted in a settlement.  See Settlement Agreement Form, Def's Exh. V (Doc. No. 30-5).  He

                                                              06cv0923

filed a second complaint in 1999 which was dismissed after Plaintiff missed a deadline. Hayden Depo. at 26.

On June 30, 2000, supervisor Tony Esqueda overheard Plaintiff joking about not "enlisting in the Gay Rights Parade unless it was open season" and called Plaintiff into his office. See Letter of Warning, Pla's Exh. E. (Doc. No. 32-2). Plaintiff maintains Esqueda yelled at him and Plaintiff asked for a union representative for the meeting. See Hayden Depo. at 99. Esqueda issued a letter of warning for unacceptable conduct dated August 18, 2000. See Letter of Warning, Pla's Exh. E. Later, the union filed a grievance and the letter was removed from Plaintiff's file. See Hayden Depo. at 111. On the same day as the incident involving Plaintiff joking, Plaintiff returned to MLS and requested three hours of sick leave. See Letter of Warning, Def's Exh. C (Doc. No. 30-3). His supervisor, Roy Morgan, denied the request and asked for supporting medical documentation. Id. Plaintiff said he had no opportunity to see a medical professional because he recently started to feel ill. See Hayden Depo at 39, 40. Morgan issued a letter of warning for failure to follow instructions. Id. at 37. The union filed a grievance and the letter was subsequently removed. Id. at 41.

On September 13, 2000, Morgan spoke with Plaintiff about an allegedly unauthorized work order written by Plaintiff. See Notice of 7-Day Calendar Suspension, Def's Exh. E (Doc. No. 30-3). Plaintiff claims Morgan berated him in front of his peers and Plaintiff admits to calling his boss "an idiot." Id.; Hayden Decl. ¶ 7. Morgan issued a proposed 7-day suspension for unacceptable conduct/failure to follow instructions dated October 17, 2000. See Notice of 7-Day Calendar Suspension. The union filed a grievance and the notice was removed from his file in 2003. See Step One Settlement Agreement, Pla's Exh. I (Doc. No. 32-2).

Plaintiff was scheduled to work on July 4, 2001, however he left a voice mail message that morning stating that he could not work because of an emergency. See Hayden Depo. at 62. Plaintiff's emergency was a problem with his pond and expensive koi fish. See id. Morgan issued a notice of 7-day suspension for failing to report to work as scheduled dated July 31, 2001. See Id. The union filed a grievance, the notice of suspension was reduced to a letter of warning and Plaintiff received his pay for the day. See Notice of Seven Day Suspension, Pla's

1    Exh. J (Doc. No. 32-2). The letter was eventually rescinded. See id. at 63.

2          In July 2001, Plaintiff's supervisor issued new work rules to decrease chatting in the

3    workplace and a new rule to place work orders on his desk before employees took a break. See

4    Hayden Depo. at 49 - 50. On August 21, 2001, Plaintiff and Stephen LaPuzza, a co-worker,

5    were late for their scheduled break and Plaintiff placed his work order on top of his tool box.

6    See id. at 50-51. Morgan issued letters of warning dated August 3, 2001 to Plaintiff and

7    LaPuzza for failure to follow instructions. See Letter of Warning, Def's Exh. G (Doc. No. 30-

8    3). The union filed a grievance and the letter was removed from Plaintiff's file on November

9    9, 2001. See iId.

10         On June 25, 2001, Plaintiff reported for jury duty at the San Diego County Superior

11   Court. See Notice of Removal, Def's Exh. H at 1 (Doc. No. 30-3). On August 22, 2001,

12   Plaintiff was told jury selection would begin on September 4, 2001 and that this process might

13   take several days, and if chosen, many months because the case was complex. See id. Plaintiff

14   reported for jury selection on September 4, 2001. See iId. Plaintiff did not report to work from

15   September 4, 2001 to September 7, 2001, and did not call in. See id. Plaintiff mistakenly

16   went in for jury duty on September 4, 2001 at 9:00 a.m. when his report time was 1:30 p.m.

17   See Hayden Decl. ¶ 11. Plaintiff served the full day on September 5, 2001, and September 6,

18   2001, but was dismissed after a few hours on September 7, 2001. See Notice of Removal.

19   Plaintiff returned to work on September 10, 2001, but he turned in an incomplete attendance

20   certification sheet. Id.

21         Defendant issued a notice of removal for submitting false and misleading information

22   for the sole purposes of obtaining approved leave and payment for time for Plaintiff did not

23   work or serve as a juror. See Notice of Removal. The union filed a grievance and Plaintiff came

24   back to work after approximately forty-five days, in January 2002. See Hayden Depo. at 58.

25         Plaintiff filed an EEO claim in 2002 and 2004 alleging retaliatory acts by the USPS. On

26   April 26, 2006, Plaintiff filed his complaint alleging that the his employer engaged in retaliatory

27   activity because of his EEO claim filed in 1998. See Complaint (Doc. No. 1). On August 18,

28   2009, Defendant filed this motion for summary judgment. On October 20, 2009, Plaintiff filed

06cv0923

the opposition and Defendant filed a response on October 26, 2009.   The matter was taken

under submission without oral argument pursuant to Local Rule 7.1.

**DISCUSSION**

**I.  Legal Standard**

Summary judgment is properly granted when "there is no genuine issue as to any

material fact and ... the moving party is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(c).  Entry of summary judgment is appropriate "against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317,

322 (1986).  The party moving for summary judgment bears the initial burden of establishing

an absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  Where the party

moving for summary judgment does not bear the burden of proof at trial, it may show that no

genuine issue of material fact exists by demonstrating that "there is an absence of evidence to

support the non–moving party's case."  Id. at 325.  The moving party is not required to produce

evidence showing the absence of a genuine issue of material fact, nor is it required to offer

evidence negating the moving party's claim.  Lujan v. National Wildlife Fed'n, 497 U.S. 871,

885 (1990); United Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989).

"Rather, the motion may, and should, be granted so long as whatever is before the District

Court demonstrates that the standard for entry of judgment, as set forth in Rule 56(c), is

satisfied."  Lujan, 497 U.S. at 885 (quoting Celotex, 477 U.S. at 323).

Once the moving party meets the requirements of Rule 56, the burden shifts to the party

resisting the motion, who "must set forth specific facts showing that there is a genuine issue for

trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Without specific facts to

support the conclusion, a bald assertion of the "ultimate fact" is insufficient.  See Schneider v.

TRW, Inc., 938 F.2d 986, 990-91 (9th Cir. 1991).  A material fact is one that is relevant to an

element of a claim or defense and the existence of which might affect the outcome of the suit.

The materiality of a fact is thus determined by the substantive law governing the claim or

defense.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary

1  judgment.  T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626,

2  630 (9th Cir. 1987) (citing Anderson, 477 U.S. at 255).

3        When making this determination, the court must view all inferences drawn from the

4  underlying facts in the light most favorable to the nonmoving party.  See Matsushita Elec.

5  Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Credibility determinations,

6  the weighing of evidence, and the drawing of legitimate inferences from the facts are jury

7  functions, not those of a judge, [when] ... ruling on a motion for summary judgment."

8  Anderson, 477 U.S. at 255.

9  **II. Analysis**

10       Title VII makes it is unlawful for an employer to discriminate against employees who file

11 charges with the Equal Employment Opportunity Commission ("EEOC").  42 U.S.C.A. §

12 2000e-3(a).  To survive summary judgment on a Title VII retaliation claim, an employee must

13 make a prima facie showing that: (1) he engaged in protected activity; (2) he was subjected to

14 an adverse employment action; and (3) there is a causal connection between the two.  Surrell

15 v. California Water Serv. Co., 518 F.3d 1097, 1108 (9th Cir. 2008).

16       Once the plaintiff establishes a prima facie case of discrimination, the burden shifts to

17 the defendant to "articulate a legitimate, nondiscriminatory reason for the employment

18 decision."  Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003) (citing McDonnell Douglas

19 Corp. v. Green, 411 U.S. 792, 802 (1973)).

20       If the defendant is able to make this showing, the burden shifts back to the plaintiff to

21 show that the reason offered is merely a pretext for discrimination.  Id.  On a summary

22 judgment motion, plaintiff may establish pretext through direct evidence of the employer's

23 discriminatory motive or circumstantial evidence that shows that the employer's proffered

24 explanation is unworthy of credence.  See Bodett v. CoxCom, Inc., 366 F.3d 736, 743 (9th Cir.

25 2004).  Direct evidence is "evidence, which, if believed, proves the fact [of discriminatory

26 animus] without inference or presumption."  Godwin v. Hunt Wesson, Inc., 150 F.3d 1217,

27 1221 (9th Cir. 1998).  "When direct evidence is unavailable . . . and the plaintiff proffers only

28 circumstantial evidence that the employer's motives were different from its stated motives,

1   'specific' and 'substantial' evidence of pretext [is required] to survive summary judgment."

2   Payne v. Norwest Corp., 113 F.3d 1079, 1080 (9th Cir. 1997).

3   **A. Timeliness**

4       Defendant argues that "all of the actions about which Plaintiff complains, except the

5   removal and the non-selection for promotion, are discrete acts and are time-barred."  Doc. No.

6   30-2 at 17.  Defendant contends Plaintiff was required to seek EEO counseling within 45 days

7   of the alleged discriminatory action per 29 C.F.R. § 1614.105(a)(1)[1].  Defendant maintains,

8   with respect to Plaintiff's 2002 EEO Complaint, Plaintiff contacted an EEO counselor on

9   November 30, 2001 and, therefore, all discrete acts alleged in support of the claim must have

10  occurred on or before October 16, 2001.  He argues the following discrete acts are untimely

11  because they fall outside the 45 day period: the August 18, 2000, Letter of Warning; the August

12  17, 2000, Letter of Warning; the October 17, 2001 Proposed 7-Day Suspension; the July 31,

13  2001, Notice of 7-Day Suspension; and the August 3, 2001, Letter of Warning.

14      Plaintiff argues all previous incidents of discrimination should be considered to evaluate

15  the timely and actionable issues in this case.

16      The Supreme Court in National R,R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002)

17  considered under what circumstances a Title VII plaintiff may file suit on events the fall outside

18  the 180 or 300 day time period for filing a charge with the EEOC.  The Court held a plaintiff

19  is precluded for recovering for discrete acts of discrimination or retaliation that occur outside

20  the statutory time period.  Id. at 105.  The Court further determined  employees are not barred

21  from "filing charges about related discrete acts so long as the acts are independently

22  discriminatory and charges addressing those acts are themselves timely filed.  Nor does the

23  statute bar an employee from using the prior acts as background evidence in support of a timely

24  claim."  Id. at 113.

25      Therefore, the previous discrete actions are not actionable because they are untimely, but

26  may be considered as background evidence to support Plaintiff's claim.  Accordingly, to the

27

28         [1] 29 C.F.R. § 1614.105(a)(1) states: "An aggrieved person must initiate contact with a counselor within 45 days of the date of the matter alleged to be discriminatory."

06cv0923

1  extent Plaintiff is seeking relief based on the untimely act, the motion is GRANTED.  The

2  Court, however, will considered the acts in support of Plaintiff's timely claim for the notice of

3  removal.  As such, the two discrete acts upon which Plaintiff may seek relief are the Notice of

4  Removal relevant to his 2002 EEO complaint and the non-selection for promotion relevant to

5  his 2004 EEO complaint.

6  **B.  Prima Facie Case**

7        It is undisputed that Plaintiff engaged in protected activity when he filed an EEO claim

8  in 1998, and thus satisfies the first element of a prima facie case.  Plaintiff contends that he

9  satisfies the second element because he faced adverse employment action, namely the notice

10 of removal and his non-selection for promotion and submits sufficient evidence.  See Notice of

11 Removal, Pla's Exh. O; Pacheco Decl. ¶ 13, Pla's Exh. W (Doc. No. 32-5).  Defendant argues

12 Plaintiff fails to satisfy the third element, the causal connection between the protected activity

13 and the adverse employment action.

14       To establish a causal connection, a plaintiff must proffer evidence sufficient to raise an

15 inference that such causal link exists.  Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir.

16 1987).  This evidence includes an "employer's knowledge that the plaintiff engaged in protected

17 activities and the proximity in time between the protected action and the allegedly retaliatory

18 employment decision."  Id.

19       Defendant argues Plaintiff has no direct evidence of retaliation, which is usually in the

20 form of clearly discriminatory or retaliatory statements or actions by the employer.  Defendant

21 contends that the comments[2] that Plaintiff points to as being clearly retaliatory should be

22 construed not as probative of a retaliatory animus, but rather a stray remark that shows a

23 personal dislike for Plaintiff, which is a legally permissible basis for the employment decision.

24  Plaintiff does not dispute this argument.

25       Defendant further argues that Plaintiff does not have any indirect evidence of the casual

26

27        [2] Plaintiff refers to the following comments made by management: (1) C.B. Bingham
   told him to "get off the property" because he would never be promoted; (2) Mark Anderson
28 told him to quit; and (3) another supervisor told him he did not understand why "they"
   were harassing Plaintiff.

1  link, thus Plaintiff does not establish a prima facie case.  Defendant contends that too much

2  time has passed between Plaintiff's charges and the employment decisions: three years elapsed

3  between Plaintiff's 1998 charge and his removal, and five years elapsed between the 1998

4  charge and his non-selection for promotion.  Defendant argues the lack of temporal proximity,

5  in and of itself, disproves any inference of casual connection.  The Court is not persuaded by

6  this argument.  Although an extended period between the protected activity and adverse

7  employment action without any other indirect evidence of discrimination fails to give rise to

8  causation, lack of temporal proximity alone does not disprove a causal connection.  See

9  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002) (Finding "a nearly

10  18-month lapse between the protected activity and an adverse employment action is simply too

11  long , by itself, to give rise to an inference of causation.").

12      Defendant also maintains Plaintiff cannot show that Roy Morgan, Richard Fellows, and

13  Steve Pacheco, the supervisors who made the employment decisions, had any knowledge of

14  Plaintiff's 1998 EEO claim and this knowledge is essential to demonstrating a causal link.  All

15  three involved in the employment decisions unequivocally state in their declarations that they

16  had no knowledge.  See Morgan EEO Investigative Affidavit, Def's Exh. AB at 291; Fellows

17  EEO Investigative Affidavit, Def's Exh. AC at 294; Pacheco Decl. ¶ 16, Def's Exh. S at 212.

18  Thus, Defendant contends Plaintiff cannot show there was retaliatory animus motivating the

19  employment decisions at issue.

20      Plaintiff argues  Fellows was aware of the EEO activities because he supplied Plaintiff

21  with the tools that were part of the 1998 settlement agreement. Also, Plaintiff contends

22  Pacheco was aware of the EEO charges because Plaintiff filed his 2002 EEO claim when

23  Pacheco worked along side Plaintiff as VMF manager, and the claim included charges of

24  harassment for retaliation of the 1998 EEO claim and several employees were interviewed

25  regarding the claims.  Additionally, Plaintiff maintains he was publically berated by his

26  supervisors during the time the two worked together.

27      In reply, Defendant contends Plaintiff relies on unfounded speculation which is

28  insufficient to survive the motion for summary judgment.

06cv0923

1    Evidence that the employer was aware that the employee engaged in protected activity
2    is essential to a causal link between the protected activity and adverse employment action.  See
3    Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796, (9th Cir. 1982).  Morgan clearly states the
4    notice of removal was proposed and performed by Fellows.  See Morgan EEO Investigative
5    Affidavit at 289.  As such, Morgan's lack of knowledge of the protected activity does not appear
6    to be relevant to Plaintiff's claims.  Although Fellows declares he was unaware of the 1998 EEO
7    activity, Plaintiff provides evidence that Fellows may have been aware, because he asked Fellows
8    to provide him the tools required by the settlement agreement.  See Hayden Decl. ¶ 5.  The
9    reasonable inference from this evidence presents a genuine issue of material fact as to whether
10   Fellows had knowledge of Plaintiff's protected activity.

11   Plaintiff's statements that Pacheco worked with him when Plaintiff filed the EEO claim
12   in 2002 and employees were interviewed as to the claim, and Plaintiff was publically berated
13   are insufficient to demonstrate or even provide a reasonable inference that Pacheco was aware
14   of the protected activity.  As such, Plaintiff fails to show a causal link for his non-selection for
15   promotion claim and, therefore fails to meet his burden of making a prima facie showing.
16   Defendant is entitled to summary judgment on the claim.

17   **C.  Pretext**

18   Because Plaintiff establishes a prima facie case for retaliation as to his claim for the notice
19   of removal, the burden shifts to the Defendant to prove that the reasons for the adverse
20   employment decisions was legitimate and nondiscriminatory.  McDonnell Douglas Corp., 411
21   U.S. at 802.  If Defendant meets this burden, Plaintiff must "then show that the articulated
22   reasons are pretextual 'either directly by persuading the [fact-finder] that a discriminatory
23   reason more likely motivated the employer or indirectly by showing that the employer's
24   proffered explanation is unworthy of credence." E.E.O.C. v. Boeing Co., 577 F.3d 1044, 1049
25   (9th Cir. 2009) (quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256
26   (1981).  A proffered explanation is "unworthy of credence" if it is "internally inconsistent or
27   otherwise not believable." Chuang v. Univ. of Cal. Davis, Bd. of Trs., 225 F.3d 1115, 1127
28   (9th Cir. 2000).  The court "require[s] very little [direct] evidence to survive summary

06cv0923

1    judgment", but circumstantial evidence must be "specific and substantial to defeat the

2    employer's motion for summary judgment." <u>Lam v. Univ. of Hawaii</u>, 40 F.3d 1551, 1564 (9th

3    Cir. 1994); <u>Coghlan v. Am. Seafoods Co. LLC</u>, 413 F.3d 1090, 1095 (9th Cir. 2005).

4            Defendant argues that Plaintiff was removed from his position because he was absent

5    without leave and management believed Plaintiff intentionally submitted false and misleading

6    information to receive jury duty pay for time not spent working or serving on a jury.

7    Defendant also contends that Plaintiff violated USPS Employee and Labor Relations Manual,

8    § 516.43 because he did not report to work for the balance of his shift when the court excused

9    him early enough to report to work and complete the tour.[3]  Defendant contends that even if

10   management was mistaken about Plaintiff's intent, that it was a honest mistake and Plaintiff's

11   failure to punch in and out at critical times, and Plaintiff's noncompliance with the state court's

12   attendance certification procedures supported their reasonably mistaken belief.  Furthermore,

13   Defendant argues that management followed the union contract in making their decision to

14   issue a notice of removal, the natural step following three letters of warning and two notices of

15   7-day suspension.  Thus the facts do not support a pretext.

16           Plaintiff, in opposition, argues that he never received any training or instruction before

17   attending jury duty or the proper protocol during jury duty service.  Plaintiff contends that

18   other employees reported their jury duty in the same manner and yet, were not disciplined.

19   Plaintiff also argues that the letter of warning dated August 18, 2000 and the notice of 7-day

20   suspension dated October 17, 2000 should not have been used because the letter of warning

21   was supposed to be removed from Plaintiff's file and the notice of 7-day suspension was to be

22   reduced to a letter of warning.  Plaintiff also argues that his treatment was excessive in

23   comparison to other similarly situated employees, such as Aaron Medina, who worked the same

24   6:30 a.m. to 2:30 p.m. shift, but was told by his supervisor not to come into work when he

25   finished jury duty at 10:00 a.m.  Plaintiff contends that Aaron Medina did not engage in

26   protected activity and did not receive a notice of removal for his conduct, nor was he

27

28           [3]On September 7, 2001, management confirmed that Plaintiff was excused by the
     court at 10:30 a.m.  <u>See</u> Notice of Removal.

06cv0923

1    reprimanded.

2         In response, Defendant argues that Aaron Medina did follow USPS protocol by calling

3    his supervisor to ask whether or not he should report to work after early dismissal from jury

4    duty.  Defendant also contends that although none of the other employees received training

5    regarding the jury duty policy, almost half of the employees interviewed stated that they knew

6    that if an employee served for less than four hours, that the employee was to return to work.

7    Defendant also argues that the employees Plaintiff compares himself to are not similarly

8    situated because they did not have similar disciplinary records, thus they were not disciplined

9    in the same manner.

10        Defendant further argues Morgan and Fellows did not know at the time of their decision

11   that the letter of warning dated August 18, 2000, and the notice of 7-day suspension dated

12   October 17, 2000, were to be removed from Plaintiff's file or reduced to a letter of warning,

13   respectively.  Defendant also contends that even if management technically violated the union

14   contract it would not negate Plaintiff's underlying conduct.

15        This Court finds Defendant presents legitimate, nondiscriminatory reasons for issuing

16   the notice of removal, namely Plaintiff's absence without leave, supported by Plaintiff's

17   incomplete time cards requesting pay for an eight-hour day pay for no work or jury service on

18   September 4, 2001 and September 7, 2001.  Notice of Removal, Pla's Exh. O (Doc. No. 32-2).

19   Upon investigating Plaintiff's incomplete time cards, it was determined that Plaintiff only

20   served 4 hours of jury duty on September 4, 2001 and was excused from jury duty at 10:30 am

21   on September 7, 2001, and based on the results determined Plaintiff intentionally submitted

22   false and misleading information to receive pay for time not spent at jury duty or work.  Id.

23        Plaintiff presents evidence that he was never told he needed to submit a form or call in

24   each day for jury duty and was not trained on the proper procedure for jury duty.  See Hayden

25   Decl. ¶ 10.  Plaintiff argues, but fails to present evidence that other employees logged their

hours the same, but were not disciplined.[4]  Plaintiff's argument without support does not qualify as "substantial" evidence to defeat summary judgment.  See Coghlan, 413 F.3d at 1095. Plaintiff fails to present a genuine issue of material fact as to whether  Defendant's reasons for the notice of removal were pretextual.  Accordingly, Defendant is entitled to judgment as to the notice of removal claim.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED Defendant's motion for summary judgment is **GRANTED**.  The Clerk of Court shall enter judgment accordingly.

DATED:  September 29, 2010

_____
JOHN A. HOUSTON
United States District Judge

---

[4]Plaintiff cites to statements contained in Exhibit T in support of his argument.  The record before the Court does not include an Exhibit T.  After a thorough search of Plaintiff's supporting documentation, the Court located two unsworn statements from other employees.  In addition to being unsworn, neither statement says the employee logged his hours like Plaintiff but, unlike Plaintiff, was not disciplined.

06cv0923